UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-12-6004-LRS |
| Plaintiff, | ) | (CV-14-5016-LRS) |
| vs. | ) | **ORDER DENYING** |
| JOSE ISRAEL MANZO-FLORES, | ) | **§2255 MOTION** |
| Defendant. | ) | |

**BEFORE THE COURT** is Defendant's "Motion to Vacate, Set Aside, Or Correct Sentence Pursuant to Title 28 U.S.C.A. §2255" (ECF No. 46).

The court conducts an initial review of a §2255 motion. The initial standard of review for motions under §2255 is whether:

> [I]t plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court . . . .

Rule 4(b), **Rules Governing Proceedings in the United States District Courts under Section 2255 of Title 28, United States Code**. This initial review is conducted prior to the court ordering the United States Attorney to file an answer. Based on the court's initial review of Defendant's motion, it will not direct that an answer be filed by the United States Attorney and the court denies Defendant's motion.

**I. BACKGROUND**

On April 25, 2012, Defendant pled guilty to an Indictment charging him with being an Alien In The United States After Deportation, 8 U.S.C. §1326. He

**ORDER DENYING**
**§2255 MOTION-**               1

was sentenced on the same date to a term of imprisonment of 46 months and to a three year term of supervised release. (ECF No. 32). Defendant appealed his sentence to the Ninth Circuit Court of Appeals which, on January 27, 2014, dismissed the appeal. (ECF No. 45). The circuit found the Defendant had waived his right to appeal. The circuit's mandate was filed on February 21, 2014. (ECF No. 47).

Defendant contends his guilty plea was not knowingly and voluntarily given because: 1) his counsel at the trial court level failed to advise him of his constitutional rights; 2) failed to object to a 16 level sentence guideline enhancement for an aggravated felony conviction; 3) failed to argue that at his removal proceedings, Defendant was not advised in Spanish of his right to counsel and right to appeal, and therefore, there was not a valid removal order which is a predicate to a conviction under 8 U.S.C. §1326; and 4) failed to file a timely notice of appeal.

## II. DISCUSSION

Defendant must prove: (1) counsel's performance was deficient, and (2) he was prejudiced by such deficiency. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). As to the first prong, there is a strong presumption counsel's performance was sufficiently effective. *Id*. at 689. Defendant must show his counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 690. As to the second prong, Defendant must demonstrate a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different (i.e., a guilty plea would not have been entered). A "reasonable probability" is a "probability sufficient to undermine confidence in the proceedings. *Id*. at 694.

A guilty plea must be a knowing and intelligent act performed with sufficient awareness of the relevant circumstances and likely consequences. In

**ORDER DENYING
§2255 MOTION-            2**

order for a criminal defendant to make an intelligent assessment of the relative advantages of pleading guilty, it is incumbent upon counsel to provide her client with necessary and accurate information. A mere inaccurate prediction, standing alone, will not constitute ineffective assistance, but "gross mischaracterization" of the likely outcome presented by a case, along with "erroneous advice" falls below the level of competence required of defense attorneys. *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986).

At the change of plea and sentencing hearing, the Defendant, under oath, acknowledged signing the Plea Agreement after it was read and explained to him in Spanish. (ECF No.41 at p. 7). Paragraph 4 of the Plea Agreement (ECF No. 31) lists the constitutional rights the Defendant waived by pleading guilty. Under oath at the change of plea and sentencing hearing, Defendant confirmed he understood he was waiving these constitutional rights, including his right to a jury trial before 12 persons. (ECF No. 41 at pp. 8-9; 14-15). He acknowledged he had not been forced into entering a guilty plea. (*Id*. at pp. 14-15). Under oath at the change of plea and sentencing hearing, Defendant acknowledged he was satisfied with this attorney's counsel, representation and advice, and she had satisfactorily answered all of his questions concerning the terms and conditions of the Plea Agreement. (ECF No. 41 at p. 7).

Paragraph 15 of the Plea Agreement recites that in consideration of the government's recommendations and the various waivers by Defendant, "both parties waive any right to appeal this conviction and the sentence imposed by the court in this case." Furthermore, the Defendant waived "any right to collaterally attack this conviction and sentence under 28 U.S.C. § 2255, or any other collateral attack (except for ineffective assistance of counsel based on facts discovered after the plea and sentencing). In his § 2255 motion, Defendant offers no explanation of how any of his asserted grounds for relief are "based on facts discovered after the plea and sentencing." In the absence of such a showing, the court must

**ORDER DENYING**
**§2255 MOTION-** 3

presume Defendant's motion is one he waived by the terms of the Plea Agreement and that the court may not consider it.

Even assuming otherwise, the conclusory allegations contained in Defendant's motion are insufficient to raise any legitimate question that his counsel's performance was deficient or prejudiced him. Contrary to Defendant's assertion, the Pre-Sentence Investigation Report (PSIR) specifically identified the felony convictions supporting the 16 level enhancement under the sentencing guidelines. (ECF No. 20 at Paragraphs 3, 47-55). These convictions unquestionably constitute a "crime of violence" as defined in Application Note 1.(B)(iii) to U.S.S.G. § 2L1.2. Moreover, these categorically qualified as "aggravated" felonies at the time the Defendant was removed from the United States in 2004, and therefore, provide no basis for questioning the validity of the removal order on procedural due process grounds. See *United States v. Vidal-Mendoza*, 705 F.3d 1012, 1019-1021 (9th Cir. 2013) and *United States v. Gomez*, 732 F.3d 971, 983-87 (9th Cir. 2013). Defendant's "aggravated felony" convictions precluded virtually all forms of relief from removal.

Although Paragraph 15 of the Plea Agreement precluded Defendant from filing a direct appeal, he filed one nonetheless in a *pro se* capacity challenging his sentence. (ECF No. 35). Pursuant to an order from the Ninth Circuit Court of Appeals (ECF No. 39), the undersigned appointed counsel for the Defendant on direct appeal (ECF No. 40). Appointed counsel subsequently advised the circuit that there were no grounds for relief on appeal and asked to withdraw. The motion to withdraw was granted by the circuit. The circuit found Defendant had waived his right to appeal his sentence and that its independent review of the record disclosed no arguable issue as to the validity of the waiver. Therefore, the circuit dismissed the appeal. (ECF No. 45). In light of the foregoing, the failure of trial court counsel to file a notice of appeal was not deficient and clearly, Defendant was not prejudiced because he *pro se* pursued an appeal and was appointed

**ORDER DENYING**
**§2255 MOTION-**          **4**

counsel on appeal.

### III. CONCLUSION

It "plainly" appears from the face of the §2255 motion and the prior proceedings in the case that Defendant is not entitled to relief. Therefore, it is not necessary to direct the United States to file an answer to the motion. Defendant's "Motion to Vacate, Set Aside, Or Correct Sentence Pursuant to Title 28 U.S.C.A. §2255" (ECF No. 46) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order and provide copies to Defendant and to counsel for the United States.

**DATED** this ___25th___ day of March, 2014.

*s/Lonny R. Suko*

LONNY R. SUKO
Senior United States District Judge

**ORDER DENYING**
**§2255 MOTION-**                            5